# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITZI JAYNE RAYNER, Personal Representative of the Estate of Gary Don Rayner (Deceased), | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-13-46-M<br>) |
| THE UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, and NEWFIELD EXPLORATION MID-CONTINENT, INC., a Delaware corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Quash Plaintiff's Notice of Deposition and for Protective Order, filed May 23, 2014. On June 7, 2014, plaintiff filed her response, and on June 10, 2014, Union Pacific filed its reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

This case arises from a March 1, 2012, vehicle-train collision, approximately two miles south of Dover, Oklahoma. Plaintiff's husband, Gary Don Rayner ("Mr. Rayner"), was struck and killed by a southbound Union Pacific train. In addition to other allegations, plaintiff asserts the accident was caused by Union Pacific's failure to properly maintain the crossing, including but not limited to negligently allowing vegetation and trees to partially obstruct the visibility of approaching drivers.

Plaintiff served Union Pacific with a notice to take depositions of the following Union Pacific Rule 30(b)(6) corporate representatives:

> Pursuant to Rule 30(b)(6), Fed R Civ Pro, the UP roadmaster responsible for Crossing #595410S at the time of the accident, or the UP employee most knowledgeable about the maintenance of that crossing, including control of vegetation.
>
> Pursuant to Rule 30(b)(6), Fed R Civ Pro, the UP assistant roadmaster responsible for the subject crossing, or the UP employee with the next greatest knowledge about maintenance (including control of vegetation) of the subject crossing.

Notice of Deposition, attached as Exhibit 6 to Union Pacific's Motion to Quash Plaintiff's Notice of Deposition and for Protective Order. Union Pacific now moves this Court to quash plaintiff's Notice of Deposition for Union Pacific's Rule 30(b)(6) corporate representatives, or in the alternative, to issue a protective order preventing said depositions.

## II. Discussion

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery; . . . .

Fed. R. Civ. P. 26(c)(1)(A).

The party seeking a protective order must show "good cause" for his request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished

2

from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Union Pacific asserts that vegetation is not at issue in this case and, therefore, the notice of deposition should be quashed. Specifically, Union Pacific contends that the evidence establishes that there was no vegetation which obscured the oncoming train and, thus, any evidence regarding vegetation is not relevant. Union Pacific also contends that these depositions are unduly prejudicial because Mr. Rayner's actions in failing to stop at the stop sign and yield to an oncoming train constitute the proximate cause of the collision. Plaintiff, on the other hand, asserts that discovery regarding the vegetation at the crossing is relevant and is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further asserts that there is ample evidence showing that Mr. Rayner's vision was obstructed by trees and brush.

The Court would first note that the instant motion is a discovery motion and not a motion for summary judgment. Therefore, when ruling on the instant motion, the Court will not be making findings that would be more appropriate in relation to a motion for summary judgment, such as making findings as to the proximate cause of the collision. Having carefully reviewed the parties'

submissions, the Court finds that the evidence does not establish that the issue of vegetation is not relevant. To the contrary, the Court finds that there is sufficient evidence showing that whether vegetation obstructed Mr. Rayner's vision is an issue in this case and that discovery regarding the vegetation at the crossing is relevant and is reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Court finds that the Rule 30(b)(6) depositions noticed by plaintiff are not unduly prejudicial.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Union Pacific's Motion to Quash Plaintiff's Notice of Deposition and for Protective Order [docket no. 50].

**IT IS SO ORDERED this 23rd day of June, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE