# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITZI JAYNE RAYNER, Personal Representative of the Estate of Gary Don Rayner (Deceased), ) ) ) ) Plaintiff, ) ) vs. ) ) THE UNION PACIFIC RAILROAD ) COMPANY, a Delaware corporation, et al., ) ) Defendants. ) | Case No. CIV-13-46-M |

## ORDER

Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Quash Plaintiff's Subpoena of Harding Rome and for Protective Order, filed October 13, 2014. On October 15, 2014, plaintiff filed her response, and on October 16, 2014, Union Pacific filed its reply. Based upon the parties' submissions, the Court makes its determination.

This case arises from a March 1, 2012, vehicle-train collision, approximately two miles south of Dover, Oklahoma. Plaintiff's husband, Gary Don Rayner ("Mr. Rayner"), was struck and killed by a southbound Union Pacific train. In addition to other allegations, plaintiff asserts the accident was caused by Union Pacific's failure to properly maintain the crossing, including but not limited to negligently allowing vegetation and trees to partially obstruct the visibility of approaching drivers.

On October 4, 2014, Harding Rome, in-house counsel for Union Pacific, was served with a subpoena for his deposition scheduled for October 20, 2014 at 11:00 a.m. Union Pacific now moves this Court to quash plaintiff's subpoena of Harding Rome, or in the alternative, to issue a protective order limiting the deposition topics to issues in the memorandum plaintiff's counsel

procured purporting to contain notes from a presentation given by Mr. Rome on October 28, 2010 ("Memorandum").

The Tenth Circuit has held "that ordinarily the trial court at least has the *discretion* under Rule 26(c) to issue a protective order against the deposition of opposing counsel when any one or more of the three *Shelton*[1] criteria for deposition . . . are *not* met." *Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995) (emphasis in original). In *Shelton*, the Eighth Circuit held that depositions of opposing counsel should be limited to circumstances where the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *See Shelton*, 805 F.2d at 1327. Since Mr. Rome is in-house counsel for Union Pacific, the parties agree that the *Shelton* criteria are applicable.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not satisfied the *Shelton* criteria and that a protective order should be issued prohibiting the deposition of Mr. Rome. Specifically, the Court finds that plaintiff has not shown that no other means exist to obtain the information than to depose Mr. Rome. Plaintiff seeks to take Mr. Rome's deposition to inquire regarding Union Pacific's maintenance policies at private crossings and regarding the Memorandum. Plaintiff had the opportunity to take the deposition of Union Pacific's policy witness Dale Bray, but plaintiff declined to depose Mr. Bray. As Union Pacific's policy witness, Mr. Bray clearly would have been able to testify regarding Union Pacific's maintenance policies at private crossings. Additionally, at the bottom of the Memorandum there is contact information for two other Union Pacific employees, Buck Russell and Tracy Brown; thus, it appears that either of these

---

[1] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

individuals would also be able to testify regarding the Memorandum. Additionally, the Court finds that plaintiff has not shown that the information is crucial to the preparation of her case. Plaintiff simply makes the conclusory statement that the evidence is critical, without providing any further detail or information as to how this specific information is critical to her case.

Accordingly, the Court GRANTS Union Pacific's Motion to Quash Plaintiff's Subpoena of Harding Rome and for Protective Order [docket no. 110] and QUASHES plaintiff's subpoena of Harding Rome. Further, in light of the above, plaintiff is prohibited from taking the deposition of Harding Rome.

**IT IS SO ORDERED this 17th day of October, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE