# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITZI JAYNE RAYNER, Personal Representative of the Estate of Gary Don Rayner (Deceased), )<br><br>Plaintiff, )<br><br>vs. )<br><br>THE UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, and NEWFIELD EXPLORATION MID-CONTINENT, INC., a Delaware corporation, )<br><br>Defendants. ) | Case No. CIV-13-46-M |

## **ORDER**

This case is scheduled for trial on the Court's January 2015 trial docket.

Before the Court is defendant The Union Pacific Railroad Company's ("Union Pacific") Motion for Summary Judgment, filed June 2, 2014. On June 30, 2014, plaintiff filed her response, and on July 10, 2014, plaintiff filed a supplement to her response. On July 14, 2014, Union Pacific filed its reply, and on September 2, 2014, Union Pacific filed its reply to plaintiff's supplemental response. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

This case arises out of a vehicle-train collision occurring on March 1, 2012. Mr. Rayner's, plaintiff's husband, vehicle was struck by a Union Pacific train, and Mr. Rayner did not survive the collision. Plaintiff has brought suit against Union Pacific seeking damages due to his death. Union Pacific now moves for summary judgment.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

Union Pacific moves this Court for summary judgment on the following bases: (1) Mr. Rayner's violation of various Oklahoma statutes constitutes negligence per se and is the proximate cause of the collision, thereby negating any alleged acts of negligence by Union Pacific; (2) Mr. Rayner was a trespasser and, as such, has no cause of action against Union Pacific; (3) the statute of repose bars any claim regarding the design of the crossing; (4) any claims as to the adequacy of

the train's warning devices are barred by federal preemption; and (5) any claims related to the speed of the train are barred by federal preemption.

     A.     Negligence per se/proximate cause

> To constitute negligence per se, (1) the violation of a statute or ordinance must have caused the injury, (2) the harm sustained must have been of a type intended to be prevented by the statute or ordinance, and (3) the injured party must be one of the class intended to be protected by the statute.

*Hamilton v. Allen*, 852 P.2d 697, 699 (Okla. 1993) (internal quotations and citation omitted).[1] If a party is found to be negligent per se, that party's negligence breaks the causal chain between a defendant's negligence and the injury if the negligent per se party's actions are the proximate cause of his injury.

> Generally, the proximate cause of an injury in a negligence case is for the jury to determine. It becomes a question of law for the court only when there is no evidence from which a jury could reasonably find a causal nexus between the defendant's alleged negligent act and the injury.

*Akin v. Mo. Pac. R.R. Co.*, 977 P.2d 1040, 1054 (Okla. 1998).

Union Pacific asserts that Mr. Rayner violated the following Oklahoma Statutes: (1) Okla. Stat. tit. 47, § 11-701(A)(3),(4); (2) Okla. Stat. tit. 47, § 11-703; and (3) Okla. Stat. tit. 47, § 11-801(E).[2] Section 11-701(A)(3),(4) provides:

---

[1] The parties do not dispute that the harm sustained by Mr. Rayner was of a type intended to be prevented by the statutes relied upon by Union Pacific or that Mr. Rayner was one of the class intended to be protected by the statutes in question.

[2] The Oklahoma Supreme Court, when presented with conclusive evidence, has held that a driver's violation of these statutes constitutes the proximate cause of his injuries/death. *See Akin*, 977 P.2d at 1056; *Hamilton*, 852 P.2d at 699-701.

> A. Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when:
>
> \*   \*   \*
>
> 3. A railroad train approaching within approximately one thousand five (1,500) hundred feet of the highway crossing emits a signal audible from such distance and such railroad train, by reason of its speed or nearness to such crossing, is an immediate hazard;
> 4. An approaching railroad train is plainly visible and is in hazardous proximity to such crossing; . . . .

Okla. Stat. tit. 47, § 11-701(A)(3),(4). Section 11-703 provides, in pertinent part:

> (d) Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly-marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.

Okla. Stat. tit. 47, § 11-703(d). Finally, section 11-801(E) provides, in pertinent part:

> The driver of every vehicle shall, consistent with the requirements of subsection A of this section, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing . . . .

Okla. Stat. tit. 47, § 11-801(E).

Union Pacific contends that the video of the accident taken by the video camera mounted on the front of the train conclusively establishes that Mr. Rayner violated the above-referenced statutes when he failed to stop at the crossing and yield to the train. Having carefully reviewed the video, and noting that the train's horn was clearly blown and that there was a stop sign at the crossing, the Court finds that while extremely supportive of Union Pacific's contention that Mr. Rayner violated

certain statutes, the video does not "conclusively demonstrate" that Mr. Rayner was negligent per se because he violated one or several of the above-referenced statutes and, thus, was the proximate cause of the accident. A review of the video reveals that Mr. Rayner's view of the train may have been partially obstructed by vegetation. Additionally, the video shows that Mr. Rayner did stop his vehicle a certain distance before the railroad tracks. It is unclear what Mr. Rayner would have been able to see when his vehicle was stopped.

Accordingly, because the video does not conclusively demonstrate that Mr. Rayner was negligent per se, the Court finds that Union Pacific is not entitled to summary judgment on this basis.

B. <u>Trespasser</u>

Union Pacific contends that the road and crossing upon which Mr. Rayner was traveling was private, and the landowner did not give Mr. Rayner permission to be on the road. Union Pacific, therefore, contends that Mr. Rayner was trespassing on private property and Union Pacific, thus, owed no duty to Mr. Rayner other than not to injure him wilfully or intentionally when his peril came to the notice of the company. Because plaintiff's Complaint does not allege that Union Pacific willfully or intentionally injured Mr. Rayner, Union Pacific asserts that plaintiff's claim fails as a matter of law.

In her response, plaintiff asserts that Mr. Rayner was a surveyor employed by White Hawk Engineering & Design, LLC, which was working under an agreement with Oklahoma Department of Transportation contractor, A.M. Cohron & Son, Inc., to provide surveying services in connection with bridge work being performed on U.S. Highway 81. Based upon Okla. Stat. tit. 69, § 702,

5

plaintiff contends that Mr. Rayner was not a trespasser. In its reply, Union Pacific asserts the notice required under section 702 was never provided, and, thus, Mr. Rayner was a trespasser.

Section 702 provides:

> The [Oklahoma] Department [of Transportation], through its authorized agents and employees, may enter upon any lands, waters, and premises in the state for the purpose of making surveys, soundings and drillings, and examinations as may be determined necessary or convenient for the purpose of establishing, locating, relocating, constructing, and maintaining state highways or relocations thereof and facilities necessary and incidental thereto. <u>Such entry shall not be deemed a trespass</u>, nor shall an entry for such purpose be deemed an entry under any condemnation proceedings which may be then pending; but notice shall be given to the owner of or person residing on the premises, personally or by registered mail, at least ten (10) days prior to such entry.

Okla. Stat. tit. 69, § 702 (emphasis added).

Having carefully reviewed the parties' submissions, and having carefully reviewed section 702, the Court finds that Mr. Rayner was not a trespasser. Assuming that notice was not provided as required by section 702, the Court finds that the failure to provide notice does not abolish the statute's clear language that a surveyor entering land as an agent of the Oklahoma Department of Transportation is not trespassing. The Court finds the language of section 702 simply does not support a finding that a failure to provide notice abdicates the statute's conveyance of non-trespasser status. Accordingly, the Court finds that Union Pacific is not entitled to summary judgment on this basis.

### C. Design of crossing claim

Union Pacific contends Oklahoma's statute of repose bars any claim regarding the design of the crossing at issue. In her response, plaintiff states that she is not bringing a claim for negligent

6

design of the crossing at issue. Accordingly, the Court finds Union Pacific's request for summary judgment as to any claim for negligent design of the crossing is moot.

### D. Claims as to the adequacy of the train's warning devices

Union Pacific contends any claims plaintiff is alleging regarding the adequacy of the train's warning devices are barred by federal preemption. In her response, plaintiff states she is not contesting the adequacy of the train's dimensions, lights, horn, etc. Accordingly, the Court finds Union Pacific's request for summary judgment as to any claims as to the adequacy of the train's warning devices is moot.

### E. Claims as to speed of the train

Union Pacific contends that any claims related to the speed of the train are also barred by federal preemption. Based upon a review of the file in this case, as well as the lack of any response by plaintiff to this contention, the Court finds that plaintiff is not asserting any claim related to the speed of the train. Accordingly, the Court finds that Union Pacific's request for summary judgment as to any claims related to the speed of the train is moot.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Union Pacific's Motion for Summary Judgment [docket no. 57].

**IT IS SO ORDERED this 1st day of December, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE