# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITZI JAYNE RAYNER, Personal Representative of the Estate of Gary Don Rayner (Deceased),<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, and NEWFIELD EXPLORATION MID-CONTINENT, INC., a Delaware corporation,<br><br>    Defendants. | Case No. CIV-13-46-M |

## ORDER

Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Quash Plaintiff's Deposition Notice of Tracy Brown and Buck Russell and for Protective Order, filed November 25, 2014. On December 1, 2014, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

This case arises from a March 1, 2012, vehicle-train collision, approximately two miles south of Dover, Oklahoma. Plaintiff's husband, Gary Don Rayner ("Mr. Rayner"), was struck and killed by a southbound Union Pacific train. In addition to other allegations, plaintiff asserts the accident was caused by Union Pacific's failure to properly maintain the crossing, including but not limited to negligently allowing vegetation and trees to partially obstruct the visibility of approaching drivers.

Plaintiff served Union Pacific with a notice to take depositions of Union Pacific employees Tracy Brown and Buck Russell. Plaintiff seeks to depose Mr. Brown and Mr. Russell regarding a

memorandum plaintiff's counsel has obtained that purports to contain notes from a presentation on October 28, 2010, given by Harding Rome, an in-house counsel for Union Pacific. Mr. Brown and Mr. Russell were both present at the presentation. Union Pacific now moves this Court to quash plaintiff's notice to take the depositions of Mr. Brown and Mr. Russell.

II.  Discussion

Union Pacific asserts that the depositions of Mr. Brown and Mr. Russell will not lead to the discovery of admissible evidence. Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Union Pacific further asserts that these depositions should be quashed based upon Federal Rule of Civil Procedure 26(b)(2)(C)(iii). Rule 26(b)(2)(C)(iii) provides:

> (C)  *When Required.* On motion or on its own, the court must limit the frequency or extent of the discovery otherwise allowed by these rules of by local rule if it determines that:
> \*   \*   \*
> (iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

Union Pacific specifically asserts that Mr. Brown and Mr. Russell have had absolutely no involvement in this case nor do they have knowledge of any evidence specific to this case. Additionally, Union Pacific asserts that the memorandum about which plaintiff seeks to depose Mr. Brown and Mr. Russell specifically concerned private crossings in southwest Texas and the clearing of vegetation at those Texas crossings has no logical connection to the subject accident at a crossing in Oklahoma. Finally, Union Pacific asserts that a policy to cut vegetation to 500 feet implemented at a handful of private crossings in southwest Texas is irrelevant to plaintiff's case, as the trees plaintiff is focused on are more than 500 feet from the crossing at issue.

Plaintiff contends that because Union Pacific has argued in this case that it does not cut vegetation at any private crossings, Mr. Rome's actual statement is critical evidence that Union Pacific's practices were not what it claims in this case. Plaintiff further contends that Union Pacific's present motion is a continuation of its obstruction of plaintiff's legitimate discovery of Union Pacific's failure to cut view obstructing vegetation at the crossing at issue.

Having carefully reviewed the parties' submissions, the Court finds the notice to take the depositions of Mr. Brown and Mr. Russell should be quashed. Specifically, the Court finds the depositions of Mr. Brown and Mr. Russell will not lead to the discovery of admissible evidence. The memorandum at issue clearly and explicitly states that Mr. Rome presented "Union Pacific's position regarding railroad crossings **in the southwest Texas area**." Memorandum attached as Exhibit 1 to plaintiff's Response to Defendant's Motion to Quash Depositions of Tracy Brown and Buck Russell (emphasis added). The accident at issue in the case at bar occurred at a crossing in Oklahoma. The Court finds a memorandum purportedly setting forth Union Pacific's policy regarding railroad crossings in the southwest Texas area is not relevant to the issues in the case at

3

bar and, thus, any testimony regarding said memorandum will not lead to the discovery of admissible evidence.

III.	Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Union Pacific's Motion to Quash Plaintiff's Deposition Notice of Tracy Brown and Buck Russell and for Protective Order [docket no. 153] and QUASHES the notice to take the depositions of Tracy Brown and Buck Russell.

**IT IS SO ORDERED this 2nd day of December, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE