# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITZI JAYNE RAYNER, Personal Representative of the Estate of Gary Don Rayner (Deceased), | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-13-46-M |
| THE UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, and NEWFIELD EXPLORATION MID-CONTINENT, INC., a Delaware corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **ORDER**

Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Strike Plaintiff's Cartoon Animations and Accompanying Narrative, filed October 10, 2014. On October 29, 2014, plaintiff filed her response, and on November 5, 2014, Union Pacific filed its reply. Based upon the parties' submissions, the Court makes its determination.

This case arises out of a vehicle-train collision occurring on March 1, 2012. Mr. Rayner's, plaintiff's husband, vehicle was struck by a Union Pacific train, and Mr. Rayner did not survive the collision. Archie Burnham, plaintiff's expert, has created a video animation, purporting to show the view Mr. Rayner would have observed as the scene was at the time of the collision, taking into consideration the photographs taken by plaintiff's counsel, as well as Mr. Burnham's investigation.

Union Pacific moves this Court to strike Mr. Burnham's video animation and accompanying narrative. Specifically, Union Pacific asserts that plaintiff's untimely disclosure of the video animation and accompanying narrative is neither justifiable nor harmless and the animation should be stricken pursuant to Federal Rules of Civil Procedure 26 and 34. Union Pacific further asserts

that the video animation is based upon impermissible speculations and as such, plaintiff cannot lay a proper foundation and the video animation, therefore, should be stricken. Plaintiff contends that Mr. Burnham based his opinion, as shown in the animation and supporting exhibits, on facts and data that he has been made aware of and personally investigated, and not upon speculation. Plaintiff further contends that since Union Pacific cut the vegetation and physically leveled the crossing shortly after the collision, plaintiff is unable to present the true condition of the collision scene by any other means than the evidence Mr. Burnham has provided.

> A computer-generated video animation is admissible as demonstrative evidence when the proponent shows the animation is authentic, relevant, fair, and accurate representation of the evidence to which it relates, and its probative value substantially outweighs the danger of unfair prejudice, confusing the issues, or misleading the jury.

*Tate v. Statco Eng'g and Fabricators, Inc.*, No. 12-CV-0002-JHP, 2014 WL 509521, at *5 (E.D. Okla. 2014) (citing *Clark v. Cantrell*, 529 S.E.2d 528, 536 (2000)).

Having carefully reviewed the parties' submissions, and having viewed the video animation and narrative at issue, the Court finds that plaintiff has failed to establish that the animation is a fair representation of the circumstances surrounding the accident at issue in the case at bar. It is undisputed that no one knows when Mr. Rayner was looking a particular direction, or even if he looked left toward the train, leading up to the collision. In order to make his video animation, Mr. Burnham necessarily had to speculate as to when Mr. Rayner looked a particular direction; Mr. Burnham decided Mr. Rayner looked left, looked center, looked right, looked center, looked right, looked center, and then looked left when it was no longer possible to avoid the collision. If Mr. Burnham had speculated differently as to when Mr. Rayner looked in which direction, the result of the video animation likely may have been different. Additionally, the Court finds that without the

2

video animation, plaintiff is still able to present the true condition of the collision scene by way of the photographs taken by plaintiff's counsel. Due to the prejudicial nature of the video animation and its likelihood of misleading the jury, the Court finds this video animation, which is based upon speculation, should be stricken and not admitted.

Accordingly, the Court GRANTS Union Pacific's Motion to Strike Plaintiff's Cartoon Animations and Accompanying Narrative [docket no. 109].

**IT IS SO ORDERED this 10th day of December, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE