**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MITZI JAYNE RAYNER, Personal | ) | |
| Representative of the Estate of Gary | ) | |
| Don Rayner (Deceased), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-46-M |
| | ) | |
| THE UNION PACIFIC RAILROAD | ) | |
| COMPANY, a Delaware corporation, and | ) | |
| NEWFIELD EXPLORATION | ) | |
| MID-CONTINENT, INC., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") *Daubert* Motion Regarding Plaintiff's Expert Charles Culver, filed October 2, 2014. On October 29, 2014, plaintiff filed her response, and on November 3, 2014, plaintiff filed a supplement to her response. On November 10, 2014, Union Pacific filed its reply. Based upon the parties' submissions, the Court makes its determination.

This case arises from a March 1, 2012, vehicle-train collision, approximately two miles south of Dover, Oklahoma. Plaintiff's husband, Gary Don Rayner, was struck and killed by a southbound Union Pacific train. Plaintiff has retained Charles Culver, a former railroad engineer, as an expert. Mr. Culver has opined that the train's audible warning was not used in the most effective manner for the conditions. Specifically, Mr. Culver opines that the emergency horn pattern, a series of short blasts, should have been used "about 4 seconds before impact" and if that had been done, Mr. Rayner "could have either stopped short of the crossing, or accelerated to escape the path of the train." Mr. Culver's Preliminary Report at 5-6.

Union Pacific has now moved the Court to strike any opinions from Mr. Culver.[1] Specifically, Union Pacific asserts that Mr. Culver's opinion that the train's audible warning was not used in the most effective manner for the conditions is preempted. Union Pacific contends that Mr. Culver's opinion regarding the sounding of the horn is both contrary to federal regulations and based on outdated or inapplicable internal rules. Union Pacific further asserts that Mr. Culver's opinions will not assist the trier of fact as he has no evidence that sounding the emergency pattern would have made any difference.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The federal regulations governing train horns provide, in pertinent part:

> (a)(1) Notwithstanding any other provision of this part, a locomotive engineer <u>may sound</u> the locomotive horn to provide a warning to animals, vehicle operators, pedestrians, trespassers or crews on other trains in an emergency situation if, <u>in the locomotive engineer's sole judgment</u>, such action is appropriate to prevent imminent injury, death or property damage.
>
> (2) Notwithstanding any other provision of this part, . . . this part does not preclude the sounding of locomotive horns in emergency

---

[1]In its motion, Union Pacific is not challenging Mr. Culver's qualifications.

situations, nor does it impose a legal duty to sound the locomotive horn in such situations.

49 C.F.R. § 222.23(a) (emphasis added).

This rule does not require the routine sounding of locomotive horns at private highway-rail grade crossings. However, where State law requires the sounding of a locomotive horn at private highway-rail grade crossings, the locomotive horn shall be sounded in accordance with § 222.21 of this part.

49 C.F.R. § 222.25.[2]

Additionally, Union Pacific's General Code of Operating Rules applicable at the time of the accident in this case provides, in pertinent part:

| Sound | Indication |
|---|---|
| [1]Sound whistle to attempt to attract attention to the train. | Use when persons or livestock are on the track at other than road crossings at grade. Use when within quiet zones when engineer believes such action is appropriate. When unable to determine an employees work group, sound signal 5.8.2 (8). |

Mr. Culver's Preliminary Report at 3 (emphasis added). The above rule previously provided that the sound should be "Succession of short sounds." Some time prior to the accident, this language was removed, and "Sound whistle to attempt to attract attention to the train" was inserted in its place.

Mr. Culver's expert opinion hinges on the alleged "industry standard" emergency horn signal of a succession of short sounds. Mr. Culver, however, does not set forth any rule or written standard to show that the emergency horn signal is the industry standard, other than Union Pacific's prior rule

---

[2]Oklahoma law does not require the sounding of train horns at private crossings, such as the crossing involved in the instant action.

that was changed prior to the accident at issue. Neither plaintiff, nor Mr. Culver, has set forth any case, statute, or regulation that was applicable at the time of the accident that required Union Pacific to sound a succession of short sounds in this instance. In fact, based upon the federal regulations, as well as Union Pacific's rule, Union Pacific had no duty to sound a succession of short sounds. Accordingly, the Court finds that Mr. Culver's expert testimony should be stricken.

Additionally, the Court finds that Mr. Culver's opinion that if the train engineer had sounded the emergency horn signal about 4 seconds before impact, Mr. Rayner could have either stopped short of the crossing or accelerated to escape the path of the train is not based on sufficient facts or data. Specifically, the Court finds that Mr. Culver is not an audiologist; he does not know what the conditions of audibility were inside Mr. Rayner's truck; and he does not know at what point Mr. Rayner would have heard a differently blown horn. Further, Mr. Culver relies on no identified studies indicating that the emergency pattern would make a difference and relies on no qualified experts in so concluding.[3]

---

[3]In his preliminary report, Mr. Culver states: "[i]n my experience, this method of audible warning has enabled me to attract the attention of a driver who was not responding to the train, whereby I was able not only to make my presence known, but also to relay the frantic nature of the message that the train cannot stop, and the driver must take evasive action to avoid the collision." Mr. Culver's Preliminary Report at 6. Mr. Culver provides no details about this prior experience so that it can be compared to the facts involved in this case.

Accordingly, the Court GRANTS Union Pacific's *Daubert* Motion Regarding Plaintiff's Expert Charles Culver [docket no. 101] and STRIKES any expert opinion testimony offered by Charles Culver.

**IT IS SO ORDERED this 18th day of December, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE