# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MITZI JAYNE RAYNER, Personal Representative of the Estate of Gary Don Rayner (Deceased), | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-13-46-M |
| THE UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, and NEWFIELD EXPLORATION MID-CONTINENT, INC., a Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") *Daubert* Motion Regarding Archie Burnham, filed October 2, 2014. On October 30, 2014, plaintiff filed her response, and on November 10, 2014, Union Pacific filed its reply. On December 16, 2014, Union Pacific filed a Supplement to Its *Daubert* Motion to Exclude Archie Burnham, and on December 22, 2014, plaintiff filed her response to Union Pacific's supplement. Based upon the parties' submissions, the Court makes its determination.

This case arises from a March 1, 2012, vehicle-train collision, approximately two miles south of Dover, Oklahoma. Plaintiff's husband, Gary Don Rayner, was struck and killed by a southbound Union Pacific train. Plaintiff has retained Archie Burnham as an expert. Union Pacific has now moved the Court to strike any opinion testimony offered by Mr. Burnham.[1]

---

[1] In its motion, Union Pacific moves the Court to strike Mr. Burnham's cartoon animation. On December 10, 2014, the Court entered an order granting Union Pacific's separate motion to strike the cartoon animation. *See* December 10, 2014 Order [docket no. 171]. In light of the Court's order, the Court will not address the cartoon animation in this order. Additionally, in its motion,

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated

---

Union Pacific moves the Court to strike any opinion testimony by Mr. Burnham regarding failing to sound the train horn in a staccato pattern. On December 18, 2014, the Court entered an order granting Union Pacific's *Daubert* motion regarding Charles Culver. Mr. Culver's opinion was that a series of short blasts from the train horn should have been used in this case. For the same reasons set forth in the Court's December 18, 2014 Order [docket no. 176], the Court finds that Mr. Burnham should not be allowed to testify regarding failing to sound the train horn in a staccato pattern.

2

in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

Several factors may be considered by the trial court in assessing the reliability of proposed expert testimony. The "*Daubert* factors" that *may* be considered are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community.

3

Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Id.* (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

In its motion, Union Pacific asserts that Mr. Burnham lacks the proper expertise, training, or specialized knowledge to offer his opinions. However, Union Pacific offers no further argument as to Mr. Burnham's qualifications other than this conclusory assertion. Having carefully reviewed the parties' submissions, the Court finds that Mr. Burnham clearly has the requisite knowledge, experience, training, and education to offer his opinions in this case. Specifically, Mr. Burnham spent thirty years as a traffic engineer in the Georgia Department of Transportation, including sixteen years as State Traffic & Safety Director. While Director, one of Mr. Burnham's significant activities was to manage improvements at 7,200 public rail highway grade crossings in Georgia. Mr. Burnham is also a substantial contributor to or co-author of a number of authorities relating to railroad crossings. Further, Mr. Burnham has participated in the committee to address the problem of safety at railroad crossings with the United States Department of Transportation Research Board. Mr. Burnham also helped create Section 11-701 of the Model Vehicle Code, which is one of the Oklahoma statutes relied upon in this case by Union Pacific. Finally, Mr. Burnham has worked as a consultant in railroad accident cases since 1961 and has analyzed approximately 10,000 railroad crossings.

Union Pacific further asserts that Mr. Burnham's opinion that this accident occurred at an ultra-hazardous crossing based upon several crossing deficiencies[2] is contradicted by the record

---

[2]In its supplement, Union Pacific contends that this opinion is now moot because plaintiff has disavowed that she is bringing any negligent design claim. In her response, plaintiff states that while she is not bringing any negligent design claim, she is asserting a claim for negligently failing

evidence and is not helpful to the jury. Having carefully reviewed the parties' submissions, the Court finds that Mr. Burnham's opinions are not completely contradicted by the evidence in this case and will help the jury to understand the evidence or to determine a fact in issue. Further, the Court finds that Union Pacific's objections to Mr. Burnham's opinions go to the weight, and not the admissibility, of the opinions and that during cross-examination, Union Pacific may thoroughly question Mr. Burnham regarding all of the alleged deficiencies in his opinions and any contradictory evidence.

Additionally, Union Pacific contends that Mr. Burnham improperly bases his opinions on non-binding recommendations, guidelines, and non-existent Union Pacific policies. Specifically, Union Pacific asserts that Mr. Burnham's opinions are improperly based upon AREMA recommendations, AASHTO guidelines, or Union Pacific's supposed internal "policy" of cutting vegetation 500 feet at all private railroad crossings. Having carefully reviewed the parties' submissions, the Court finds that Union Pacific's objections regarding the non-binding recommendations and guidelines go to the weight, and not the admissibility, of Mr. Burnham's opinions and that during cross-examination, Union Pacific may thoroughly question Mr. Burnham regarding all of the alleged deficiencies in relying on these recommendations and guidelines, including that these recommendations and guidelines are non-binding. Regarding any opinions based upon Union Pacific's supposed internal policy of cutting vegetation, the Court finds that to the extent there is proper evidence to support any supposed policy, Mr. Burnham may offer opinions based upon the policy. However, the Court finds that Mr. Burnham may not rely upon the Hardy

---

to maintain the crossing, including negligently failing to inspect and correct deficiencies at the crossing. In light of plaintiff's negligent failure to maintain claim, the Court finds that Mr. Burnham's opinions are not moot.

Rome document in support of his opinions, as this Court has previously found that this document is not relevant.

Accordingly, the Court DENIES Union Pacific's *Daubert* Motion Regarding Archie Burnham [docket no. 100].

**IT IS SO ORDERED this 7th day of January, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE