# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MITZI JAYNE RAYNER, Personal )
Representative of the Estate of Gary Don )
Rayner (Deceased), )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　 )
vs. ) Case No. CIV-13-46-M
　　　　　　　　　　　　　　　　　　 )
THE UNION PACIFIC RAILROAD )
COMPANY, a Delaware corporation, et al., )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendants. )

## ORDER

　　　　This case arises from a March 1, 2012, vehicle-train collision, approximately two miles south of Dover, Oklahoma. Plaintiff's husband, Gary Don Rayner, was struck and killed by a southbound Union Pacific train. Plaintiff contends that the crossing at issue is a private crossing with public characteristics; defendant Union Pacific Railroad Company ("Union Pacific") contends the crossing at issue is a private crossing. Because the admissibility of certain evidence depends on whether the crossing at issue is a private crossing or a private crossing with public characteristics, and because the requisite duty owed by Union Pacific depends on whether the crossing at issue is a private crossing or a private crossing with public characteristics, the Court DIRECTED the parties to submit briefs regarding whether the crossing is a private crossing or a private crossing with public characteristics. The parties have submitted their briefs, and based upon those submissions, the Court makes its determination.

　　　　The Oklahoma Corporation Commission defines a "private crossing" as "a location where a physical crossing is present but the road does not meet the conditions for a public crossing. Private crossings usually restrict public use by an agreement which the railroad has with the property owner

by gates or similar barriers." OAC 165:32-1-3.[1]  Oklahoma statutes define a private road or driveway as "[e]very way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons." Okla. Stat. tit. 47, § 1-148.

On the other hand, a private crossing with public characteristics is a crossing where the intersecting road is not maintained by a public authority, but the public nevertheless has used the crossing frequently and continuously for a number of years. *See* Railroad-Highway Grade Crossing Handbook, p. 191, attached as Exhibit 10 to Union Pacific's Trial Brief on Private Crossings. Further, the Oklahoma Supreme Court has defined a private crossing with public characteristics as "a private crossing where the public is using it to such an extent and for a sufficient period of time that the railroad might reasonably expect persons thereon." *Bonner v. Chicago, R. I. & P. Ry. Co.*, 185 P. 1093, 1094 (Okla. 1919). Additionally,

> [t]here is abundant authority to the effect that a railroad crossing may not be upon a public highway, yet, if the track has been used by travelers as a public crossing for a long time with the knowledge of the company, and without objection, and the company has treated the same as a public crossing, it will be presumed to be such, and the railway company will be bound to exercise ordinary care to prevent injury to persons using the same.

*Midland Valley R. Co. v. Shores*, 136 P. 157, 158 (Okla. 1913).

Based upon the above authority, the Court finds that whether a crossing is a private crossing with public characteristics turns on the use of the crossing by the public and on how the railroad company has treated the crossing. Having carefully reviewed the parties' submissions, the Court

---

[1]The Oklahoma Corporation Commission defines a "public crossing" as "a location where the tracks cross a road which is under the jurisdiction of and maintained by a public authority and which is open to public travel." OAC 165:32-1-3.

finds that the crossing at issue in this case is a private crossing. The road that intersects the railroad tracks at this crossing is a private oil lease road that dead ends at one oil well - a road that clearly meets the statutory definition for a private road under Okla. Stat. tit. 47, § 1-148. Regarding the use of the crossing by the public, there is no evidence in this case that the public used the crossing prior to the accident. The locomotive engineer in this case, Gary Miller, testified that he had never seen a car at the crossing before. *See* Transcript of Gary Miller's Deposition at p. 28, lns. 19-20. Additionally, there are no businesses, churches, schools, homes, or any other buildings of any sort serviced by this road. Further, in 2008, the landowner, Ms. Arnold, filled out a Road Crossing Application Form and identified the crossing as a private crossing servicing an oil lease that would be accessed approximately one time per day by those working on the oil well. *See* Road Crossing Application Form, attached as Exhibit 16 to Union Pacific's Trial Brief on Private Crossings. Regarding how Union Pacific treated the crossing, Union Pacific erected a sign at the crossing at issue that stated: "PRIVATE RR [Railroad] CROSSING. NO TRESPASSING. RIGHT TO PASS BY PERMISSION SUBJECT TO CONTROL OF OWNER." Additionally, this crossing is listed as a private crossing in Union Pacific's internal documents, and the Federal Railroad Administration's database for public and private crossings lists this crossing as private. *See* U.S. DOT – Crossing Inventory Information, attached as Exhibit 18 to Union Pacific's Trial Brief on Private Crossings.

Plaintiff asserts that the crossing is a private crossing with public characteristics based upon the "legal characteristics" of the crossing. Specifically, plaintiff relies upon the following three characteristics: (1) complete ownership and control by Union Pacific, not a private person; (2) continuing maintenance by Union Pacific; and (3) installation of a whistle board. Based upon the

3

law set forth above, the Court finds that these characteristics do not make the crossing at issue a private crossing with public characteristics. While Union Pacific is not a private individual, it is a private entity, not a public entity. Further, Union Pacific's maintenance of the crossing does not give this crossing public characteristics; it in no way addresses whether this crossing was used frequently and consistently by the public. Finally, the Court finds the installation of a whistle board, by itself, and in light of the overwhelming evidence showing the crossing is a private crossing, does not make the crossing at issue a private crossing with public characteristics.

Accordingly, for the reasons set forth above, the Court FINDS the crossing at issue in this case is a private crossing.

**IT IS SO ORDERED this 16th day of January, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE